IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RUFUS M. GLOVER,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )       Civil Action No. 7:17-cv-00284
                                          )
JOHN D. BROWN, *et al.*,                  )       By:  Elizabeth K. Dillon
                                          )            United States District Judge
        Defendants.                       )

**MEMORANDUM OPINION**

Plaintiff Rufus M. Glover, proceeding *pro se*, seeks leave to proceed *in forma pauperis* (Dkt. No. 1). Based on his financial affidavit, the court concludes that Glover is financially eligible to proceed *in forma pauperis* and so will grant his motion. The clerk should not issue summonses for defendants at this time, however. Instead, the court notes that Glover has failed to adequately plead facts concerning jurisdiction in this case, and so the court will direct that he file an amended complaint setting forth the basis for this court's jurisdiction.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Hence, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.*

Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). If he cannot do so, then the court must dismiss his complaint. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Glover's complaint is skeletal and contains little factual information or background about his claims. Instead, he simply states that two named defendants "filed fraudulent taxes in [his] name" and he seeks $75,000 in damages "to the church and $9,900 to[him]self." (Dkt. No. 2). He does not identify a basis for jurisdiction anywhere in his complaint, and his civil cover sheet states that the basis of jurisdiction is that the United States government is the plaintiff, which is not accurate. To the extent that Mr. Glover is seeking to report criminal activity, as opposed to filing a civil lawsuit for damages, he should contact the appropriate law enforcement authorities.

Because the United States is not a party to this civil suit, however, jurisdiction must be premised on either a federal question or diversity. This court's diversity jurisdiction generally allows the exercise of jurisdiction if the parties are citizens of different states and the amount in controversy is more than $75,000. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Based on the addresses given in the complaint, it appears that both the plaintiff and two defendants are from Virginia, so there is not complete diversity.[1]

---

[1] Although he has not checked the box for "diversity," he nonetheless completed the section asking for citizenship of the parties. Confusingly, he states that he is both a citizen of this state and a citizen of another state. As to defendants, he has checked boxes indicating that they are incorporated or

To the extent that Mr. Glover intends to invoke a federal question or to bring a claim based on a particular statute, he has not identified that statute anywhere in his complaint. Nor do the bare-bones allegations in his complaint make it readily apparent that there is a federal question involved.

For all of these reasons, the court concludes that Mr. Glover has not adequately pled facts sufficient to establish jurisdiction. Rather than dismiss his complaint and require him to refile his suit, however, the court will instead give him an additional 30 days to supplement or amend his complaint to properly assert jurisdiction.

The court also notes that, even if it has jurisdiction, the court shall "at any time" dismiss an *in forma pauperis* complaint if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii)–(iii). In evaluating his *pro se* complaint, the court construes it liberally, holding it to "less stringent standards that formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nonetheless, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Given the lack of detail in Mr. Glover's complaint, the court might well find that it fails to state a claim for which relief can be granted. It does not identify a specific cause of action or a legal theory for recovery, and does not set forth sufficient facts from which the court can determine what Mr. Glover's claims are, let alone what the facts are in support of them. By way of example only, although Mr. Glover alleges that

---

have their principal place of business both in this state and in another state. (*Id.*) In his complaint itself, however, he lists his own address and the addresses of two defendants as being in Roanoke, Virginia.

defendants filed fraudulent taxes in his name, he has not identified whether the taxes were state or federal taxes, nor has he identified what type of tax (income tax, sales tax, business tax, etc.) is at issue.  His complaint also fails to set forth facts about when the "fraudulent taxes" were filed and fails to allege—or explain how—he was damaged.

Additionally, allegations of fraud are generally required to be pleaded with particularity under Federal Rule of Civil Procedure 9(b).  At a minimum, this means Mr. Glover must plead "the time, place, and contents of the false representations," in addition to the identity of the individuals who made the false statements.  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784–94 (4th Cir. 1999).

Due to these deficiencies, his claims may be subject to dismissal in their current form.  Nonetheless, because the court is allowing Mr. Glover to amend to assert a basis for jurisdiction, the court will also allow him to include in any amended complaint he files any additional detail in support of his claims that he wishes to add.

## CONCLUSION

For the foregoing reasons, the court will grant the motion to proceed *in forma pauperis* and will give Mr. Glover 30 days to file an amended complaint that sets forth both the purported basis for the court's jurisdiction and any additional detail he wishes to submit in support of his claim.  An appropriate order will follow.

Entered: June 23, 2017.


/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge